WENAR .v. JONES, BISHOP OF PORTO RICO.

## APPLICATION for Writ of Injunction.

### No. 2.—Decided May 21, 1908.

INJUNCTION—STAY OF JUDICIAL PROCEEDINGS.—The writ of injunction will not issue to stay judicial proceedings. The petitioner herein, who was the defendant in an action of unlawful detainer, filed a motion in the district court asking that the marshal of the district be directed to stay execution of judgment in an action of unlawful detainer, and set aside the acts performed in the execution of judgment; pending the result of an appeal taken to the Supreme Court of the United States from a judgment rendered by this court, affirming the judgment rendered by the district court. Inasmuch as it is not sought to prevent a multiplicity of judicial proceedings, the injunction will not issue.

ID.—REIMBURSEMENT OF MONEY—DISPOSITION OF RENT COLLECTIONS.—Neither will the writ of injunction issue to secure the reimbursement of a sum of money deposited in an action of unlawful detainer to pay the rent to become due, nor will that writ issue to compel the owners of the properties involved in the litigation to retain certain amounts collected from the tenants and apply same to the payment.

ID.—ADEQUATE REMEDY AT LAW.—The petitioner having sought stay of execution of judgment in the district court by means of a motion filed in an action of unlawful detainer, that is the adequate remedy and not this extraordinary remedy.

The facts are stated in the opinion.

*Messrs. Sweet, Rossy, Campillo and Todd* for petitioner.

*Mr. Hernández López* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an application for an injunction made to this Supreme Court by Joseph Wenar against the Right Reverend William A. Jones, Catholic Bishop of Porto Rico, for the purposes and on the grounds set forth in the said application. The petitioner, Wenar, alleges therein that the said bishop having prosecuted against him an action of unlawful detainer in the District Court of San Juan, to compel him to vacate two houses situated in this capital which the petitioner had leased from him, and the trial having been had the district

court sustained the complaint and adjudged the defendant to vacate the two houses referred to within 20 days after such judgment had been entered; that the petitioner appealed to this Supreme Court from said judgment which court dismissed the appeal; and the petitioner having appealed from the latter decision to the Supreme Court of the United States and the appeal having been admitted upon bond being furnished in the sum of $1,000 fixed by this court to secure costs, he subsequently applied for and obtained from it an order directing a stay of execution of the judgment of dispossession until the appeal which he had taken to the Supreme Court of the United States should have been decided, upon furnishing bond in the sum of $1,500, which was also required by this court to answer for any loss or damage which the adverse party might sustain by reason of the appeal taken; that upon the receipt by the District Court of San Juan of the decision of this Supreme Court dismissing the appeal taken by the petitioner from the judgment rendered in the action of unlawful detainer, and without awaiting the expiration of the period which the petitioner had to appeal to the Supreme Court of the United States, the marshal of the district court proceeded to execute the judgment, to which end he notified the tenants of the houses that the defendant, Wenar, having been dispossessed therefrom they should thereafter pay their rentals to the owner of said buildings, which the tenants did, paying him in the months of December, January, February and March last, at the rate of $465 per month, instead of $300 which was the rental thereof, thus collecting the sum of $660 more than the sum to which he was entitled; that in addition thereto the petitioner, for the purpose of prosecuting the appeal which he had taken in the action of unlawful detainer and in compliance with the provisions governing the matter of the act regulating actions of this character, had been obliged to deposit in the District Court of San Juan the $300 pertaining to the rental for the month of December last and, subsequently, in the Colonial Bank the rental for the

months of January and February following subject to the order of said bishop amounting in all to the sum of $900; that notwithstanding the receipt by the district court of the order of this Supreme Court to stay the execution of the judgment of dispossession, the plaintiff in said action had collected and threatened to continue to collect the rentals, and that to prevent the loss being suffered by the petitioner and the further loss which might be caused him if said plaintiff continued to act in the same illegal manner, and also that, lacking any other speedy and adequate remedy to prevent such loss, the petitioner was compelled to apply for this injunction; for all of which reasons he concluded by praying this Supreme Court to order:

1. That a temporary restraining order issue and that the defendant be required to appear before this honorable court on the day which may be set, in the court room, to show cause why a writ of injunction should not issue restraining said defendant and each and every one of his agents and representatives from continuing to collect the rentals of the estates in question while the appeal to the Supreme Court of the United States is pending, or to interfere with the petitioner in any way in the management thereof.

2. That an order issue to give the petitioner possession of the $600 deposited in the Colonial Bank and the other $300 deposited in the office of the secretary of the district court at the disposition of the Catholic Bishop of Porto Rico, authorizing the latter to retain all the money collected by him and to apply it to the payment of the rentals of the estates in controversy; and with regard to the sum of $660 collected in excess, that the said bishop be required to credit said sum as an advance made on the account of said rentals in accordance with the terms of the contract of lease, and

3. That all other orders issue which this court may deem equitable and just.

The temporary injunction applied for by the petitioner having issued and a day having been set for a heraing on the application, said hearing was had with the attendance of counsel for the parties who made their respective arguments and submitted documentary evidence, which was admitted and ordered attached to the record.

Now then, considering the question at issue in these proceedings on its merits the undersigned justice is of the opinion that the injunction prayed for by Wenar does not lie and should be denied.

Under the provisions of section 2 of the act of the Legislative Assembly of this Island, approved March 10, 1906, in force on the subject under consideration,

"The Supreme Court, or any judge thereof, may issue injunctions to enforce the jurisdiction of said court under the regulations prescribed by law."

And one of these is precisely that comprised in subdivision one of section four of the same act, according to which a judgment cannot be granted "to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings;" the latter in agreement with the provisions of section three of the same act, which authorizes an injunction among other cases "where the restraint is necessary to prevent a multiplicity of judicial proceedings."

In this case no other proceeding is pending involving the matter of the petition of Wenar than the action of unlawful detainer prosecuted against him by the Bishop of Porto Rico in the District Court of San Juan, which is now awaiting the decision of the judge on a motion filed by Wenar involving the same matter which constitutes the principal subject of this injunction—that is to say, to require the marshal of the district court to comply with the order of this court directing

that an arrest of the judgment of dispossession until the Supreme Court of the United States shall render a decision, and to withdraw any action taken for the execution thereof, which is substantially what is prayed for in the first prayer of the application made by Wenar under consideration, which proceedings cannot be stayed by an injunction of this character, in accordance with the provisions of section four of the said Act of the Legislative Assembly which specifically prohibits it, inasmuch as there is no other proceeding relating to the matter in question than an action of unlawful detainer prosecuted in the District Court of San Juan, which is awaiting decision in the status which we have just described.

Furthermore, an injunction as defined in section one of said act "is a judicial command in writing issued under the seal of a court directing a person to refrain from doing or permitting to be done by others under his control a particular act which violates a right of another;" and consequently everything which the petitioner requests in the second prayer of his application to the effect that the possession of the $900, which he alleges to have deposited in the Colonial Bank and in the office of the secretary of the district court for the account of the said bishop, be restored to him, and that the latter be authorized to retain in his possession all the money which he may have collected and apply it to the payment of the rental of the estates in litigation as well as the $660, which it is alleged he collected in excess of what he was entitled to collect in accordance with the terms of the lease contract, everything, we say, is matter improper in and extraneous to an application of this character, the purpose of which, as we have seen, is confined to the prevention of acts which violate the rights of another and appears to be more proper in such action of unlawful detainer or in an ordinary action in another case.

Nor can it be maintained that the petitioner lacked any other adequate remedy to prevent the marshal of the district court from continuing to execute the judgment against the

order of this Supreme Court to stay its execution; because it appears from the record of the proceedings in this court in connection with the appeal taken by Wenar from the judgment rendered by the district court in the unlawful detainer proceedings, which forms part of the record in these proceedings as evidence presented by the defendant, that the petitioner having complained to this Supreme Court on February 11 last against the action of the marshal of the district court who persisted in continuing to collect the rental from the tenants of the houses in contravention of the order of this Supreme Court to stay the execution of the judgment, and praying furthermore that this court order him to comply with said order, and that it set aside any action taken by him in the execution of the judgment in order that it might actually be stayed until the appeal taken by the petitioner should have been decided, this court made an order on the 21st of said month to the effect that "said party take the proper steps in the district court for the execution of the order to stay in the proper form"; and Wenar, the petitioner, did this, making the proper motion in the district court in the unlawful detainer proceedings, upon which motion a hearing was had at which counsel for both parties were heard, the matter remaining pending the decision of the court.

This proceeding, which was the adequate one for Wenar to obtain a stay of the execution of the judgment of dispossession until his appeal to the Supreme Court of the United States should be decided and which the petitioner adopted in compliance with the order of this court of February 21 last, "that he take the proper steps in the district court for the execution of the order to stay in proper form," this proceeding, we have heretofore said and now repeat, cannot be stayed nor set aside by an injunction of this character as it would be contrary to the rules of the act in force governing the matter, which is that passed by the Legislative Assembly and approved by the Governor on March 10, 1906, and conse-

quently the application for an injunction made by Wenar should be denied, with the costs against the petitioner.

*Petition denied.*

Justices Hernández and Figueras concurred.

Mr. Justice Wolf concurred in the judgment but not in all the grounds of the opinion.

Mr. Justice MacLeary dissented.